166 So. 725

## PALMER v. STATE.
### 7 Div. 181.

Court of Appeals of Alabama.

Feb. 25, 1936.

Rehearing Denied March 17, 1936.

McCord & McCord, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the 1935 Spring term of the circuit court of De Kalb county, this appellant was charged by indictment with the offense of murder in the second degree, in that he unlawfully, and with malice aforethought, killed Charlie Blevins by shooting him with a gun, but without premeditation or deliberation, etc. The indictment was in proper form and substance and by the indorsements thereon was shown to have been regularly found by the grand jury, and duly returned into open court, and properly filed by the clerk of said court on the 28th day of February, 1935.

From the judgment entry, it appears that the defendant was duly and legally arraigned upon said indictment on the 22d day of August, 1935, and in answer thereto he interposed his plea of not guilty.

It further appears, from the record, that his trial was had on August 23, 1935, and that said trial resulted in his conviction of murder in the second degree as charged in the indictment. The verdict of the jury reads as follows: "We, the jury, find the defendant guilty of murder in the second degree as charged in the indictment, and we fix his punishment at ten years in the penitentiary." The court thereupon adjudged the defendant guilty of murder in the second degree, and pronounced sentence upon him at imprisonment in the penitentiary of the state of Alabama for a period of ten years. This was in accordance with the verdict of the jury, and the judgment of conviction from which this appeal was taken is regular in all respects and meets every requirement of law in this connection.

The appeal is upon the record proper, there being no bill of exceptions.

Counsel for appellant base their insistences of error on the insufficiency of the verdict of the jury and upon the court's action in sentencing appellant as aforesaid.

The record, as first filed in this court on January 13, 1926, was incomplete, defective, and erroneous; but before submission of this case the Attorney General petitioned for and was granted a writ of certiorari directed to the clerk of the lower court commanding him to certify to this court a true, full, and complete transcript of said judgment entry; and in response thereto the said clerk made proper returns which, as stated above, show the proceedings in this connection were in fact regular in all things, and upon said record a submission of the case was had in this court on January 23, 1926.

In the absence of a bill of exceptions, the action of the court in overruling

defendant's motion for a new trial cannot be reviewed.

■ The record, upon which this appeal is predicated, being without error, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.